The Honorable Edward F. Thicksten State Representative P.O. Box 327 Alma, Arkansas 72921
Dear Representative Thicksten:
This is in response to your request for an opinion on whether a city can give free city water services to a school district, a county, or another city. You inquire, specifically, as to whether A.C.A. 14-42-108 (b)(1) would prohibit this action. That section provides as follows:
 (b)(1) It shall be unlawful for any city official or employee of any municipal corporation in this state to furnish or give to any person, concerns, or corporations any property belonging to the municipal corporation, or service from any public utility owned or operated by the municipal corporation, unless payment is made therefor to the municipal corporation at the usual and regular rates, and in the usual manner, except as provided in subsection (a) of this section.
Subsection (a) of the section above, referred to in the last part of the quote, prohibits any official or employee of any municipal corporation from receiving or accepting any water, gas, electric current, or other municipal article or service without paying for it. The exceptions are those services given to certain municipal officials and employees under the terms of franchises in effect with public utilities, and free streetcar transportation. See A.C.A. 14-42-108 (a).
It is my opinion that this statute, along with other relevant principles of law, would indeed prohibit a city from giving free city water services to a school district, a county, or another city. Although the statute set out above is directed at actions of individual officials and employees rather than being a proscription against any action taken by the city governing body as a whole, it is my opinion that the statute nonetheless prohibits giving away free service in this manner. Even if the entire governing body of the municipality authorized the free services, this, in my opinion, would constitute "city officials" giving away free services in violation of the statute. The statute prohibits any city official from giving away free service from a municipally owned or operated utility (in this case water service) to any "persons, concerns, or corporations". It is my opinion that this terminology is broad enough to include prospective recipients such as school districts, counties, and other cities.
It should be noted that irrespective of the statute set out above, we find no statutory authority supporting a city's right to give away free water service. Specific authority is given to cities of the first class to sell or purchase water to or from another municipality or improvement district. See A.C.A. 14-234-108. The statute provides for the fixing of rates to be charged for the water, but does not authorize free water service. A.C.A.14-234-108(b)(2). It is also my opinion that A.C.A. 14-234-113 likely does not authorize the giving away of free water services to another city, at least on the limited facts supplied in your request.
Some states have statutes authorizing public waterworks to give free service to charitable organization. See e.g. Miss. Code Ann. 21-27-7
and Opinion of the Mississippi Attorney General issued on June 30, 1980. Arkansas has no similar statute, but rather only allows waterworks commissions of cities of the first and second class to make donations of money to local citywide nonsectarian, incorporated, charitable organization. See A.C.A. 14-234-307 and14-42-108(b)(2).
Although supplying free water services to "benevolent" institutions has been upheld in some cases, it has been held in some instances that supplying free water to various entities discriminates against paying customers and will be held void as against public policy. See in this regard 94 C.J.S. Waters 283, which provides in pertinent part as follows:
 A municipality owning its own waterworks may furnish water for municipal, public, religious, educational, or charitable purposes free. In doing so, a municipality cannot be said to be unjustly discriminating against persons required to pay for water services . . . Generally speaking, [however] an agreement of a municipality to supply particular private consumers with water free of charge constitutes discrimination against consumers required to pay, and is void as against public policy. [Footnotes omitted.]
94 C.J.S. Waters 283 at p. 158. See also generally, Town of Lonoke v. W.Y. Bransford Son,141 Ark. 18, 216 S.W. 38 (1919), and North Little Rock Water Co. v. Waterworks Commission of City of Little Rock, 199 Ark. 773, 136 S.W.2d 194 (1940).
The principles set out above are general rules and may vary with individual facts. You have not indicated whether the city currently charges private individuals for water service. It must be recognized, however, that if the city now charges private customers for water service, the supplying of free water service to another city or county which is made up ultimately of private consumers and likely be discriminatory as to the paying customers and would be struck down. Again, without more fully developed facts, it is difficult to answer the question with any certainty. It is my opinion, however, based upon the abstract nature of your question, that the supplying of free water services by a municipally owned or operated waterworks to a school district, county, or other city would generally be prohibited by Arkansas law.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
STEVE CLARK Attorney General
SC:arb